IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **MICHAEL WAYNE BRADFORD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 23-cv-2316-JTF-tmp |
| **CENTRAL INTELLIGENCE AGENCY,** ) | |
| and **BAPTIST EAST HOSPITAL OF** ) | |
| **MEMPHIS,** ) | |
| ) | |
| Defendants. ) | |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is *pro se* plaintiff Michael Wayne Bradford's complaint against the Central Intelligence Agency and Baptist East Hospital of Memphis.[1] (ECF No. 1.) Because Bradford is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the court recommends that Bradford's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

I. **PROPOSED FINDINGS OF FACT**

On May 15, 2023, Bradford filed a *pro se* complaint alleging

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

violations of the Fourteenth Amendment. (ECF No. 1.) Bradford also filed a motion to proceed *in forma pauperis*, which was granted on May 31, 2023. (ECF Nos. 7, 8.)

The statement of facts in the Complaint allege, in pertinent part:

> Approximately, in June, 2022, I'll start with how they use the coin bits kit the spray and bag that the cia built for coin bit's they come out of technology and utilitys mlgw light wiring anything they play in real that is in the world and the world wide web is in on everything to digital money was built off of me and every law has been broken against me. I've tried to push this through federal courts and civil courts and they turn me down and want even let me speak. Now everyday they extort my mind and tourchered my mind body and soul the proof is in me as well as the Baptist east hospital on walnut grove Memphis tn where I got a radyoligy test done and UK hospital in Lexington ky and the movies put the ISD in my head my family put the stuff they got from the feds to make it stronger I can hear things from the other side of the world through coin bit's is this how you treat the man or king of this world.

(ECF No. 1 at PageID 1.) Bradford seeks $200,000,000 in compensatory damages and $200,000,000 in punitive damages.

## II.  PROPOSED CONCLUSIONS OF LAW

**A.  Standard of Review**

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Claim**

The undersigned submits that Bradford has failed to state any plausible claim for relief. The complaint is difficult to follow and fails to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Even liberally construed, see Williams, 631 F.3d at 383, the complaint provides nothing beyond conclusory allegations and does not reference any legal causes of action. It is devoid of factual content that would allow the court to draw the reasonable inference that any of the named defendants are liable for any alleged misconduct. See Ctr. for Bio-Ethical Reform, Inc., 648 F.3d at 369. Accordingly, the complaint fails to state a claim upon which relief could be granted.

**C.   Subject Matter Jurisdiction**

Under 28 U.S.C. § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." Bumpas v. Corr. Corp. of America, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Furthermore, "a district

- 4 -

court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." <u>Apple v. Glenn</u>, 183 F.3d 477, 479 (6th Cir. 1999). Here, Bradford's allegations are implausible and incredible. Accordingly, dismissal for lack of subject matter jurisdiction is appropriate. It is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

May 31, 2023
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**