IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL WAYNE BRADFORD,**         ) | |
| ) | |
| **Plaintiff,**         ) | |
| ) | |
| v.         ) | Case No. 2:23-cv-02316-JTF-tmp |
| ) | |
| **CENTRAL INTELLIGENCE AGENCY,**         ) | |
| **and**         ) | |
| **BAPTIST EAST HOSPITAL OF MEMPHIS,**         ) | |
| ) | |
| **Defendants.**         ) | |

**ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION TO DISMISS THE CASE
*SUA SPONTE* FOR FAILURE TO STATE A CLAIM**

Before the Court is Plaintiff Michael Wayne Bradford's *pro se* complaint against the Defendants, the Central Intelligence Agency and Baptist East Hospital of Memphis filed on May 15, 2023. (ECF No. 1.) Plaintiff also requested and received leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 2 and ECF No. 8.) After screening Plaintiff's complaint under 28 U.S.C. §1915(e)(2)(B)(i-iii), the Chief Magistrate Judge entered a Report and Recommendation ("R & R") on May 31, 2023, recommending that the Court dismiss the complaint *sua sponte* for failing to state a claim upon which relief could be granted. (ECF No. 9.) Plaintiff was given fourteen (14) days, or until June 14, 2023, in which to file objections to the report and recommendation. None were filed.

1

For the following reasons, the Court finds the R & R should be **ADOPTED**, and Plaintiff's claim **DISMISSED** *sua sponte* with prejudice.

## I.   LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. See 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## II.   LEGAL ANALYSIS

In this case, the Chief Magistrate Judge found that Plaintiff's purported claim for civil rights violations under the Fourteenth Amendment should be dismissed because the complaint: (1) is

difficult to follow and fails to comply with Fed. R. Civ. P. 8(a)(2); (2) provides nothing beyond conclusory allegations without references to any legal causes of action, and (3) is devoid of factual content that would allow the Court to draw the reasonable inference that any of the named defendants are liable for any alleged misconduct. (ECF No. 9.) The Court agrees.

After review, the Court is satisfied that there is no clear error on the face of the record. As such, in the absence of any objections by Plaintiff, the R & R should be adopted and the case dismissed *sua sponte*. *Brown*, 47 F. Supp. 3d at 674.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Bradford in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compels the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Bradford would not be taken in good faith.

## CONCLUSION

Accordingly, the Court adopts the Chief Magistrate Judge's Report and Recommendation to dismiss Plaintiff's complaint *sua sponte* with prejudice for failure to state a claim for relief.

**IT IS SO ORDERED** this 21st day of June 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge